**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO,

       Plaintiff,

v.                                                                                                                     No. CR 10-1060 JB

J TYRONE RIORDAN,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court *sua sponte* on Defendant's Motion For Removal Of Prosecution From State Court To Federal District Court Pursuant To 28 U.S.C. § 1443(1)(2) filed on April 15, 2010 (Doc. 1). The motion identifies five State-court criminal cases against Defendant J. Tyrone Riordan. He alleges that law-enforcement officials and prosecutors have acted toward him with prejudice, engaged in selective prosecution, fabricated evidence, and failed to preserve evidence. As a result, according to Riordan, the State has violated his constitutional right of equal protection. The Court will deny the motion and remand Riordan's cases to the State court.

      In certain State court criminal prosecutions, a defendant may remove the proceeding to federal court. First, under § 1443(1),

> Any of the following . . . criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States . . . :
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

28 U.S.C. § 1443(1). As the United States Court of Appeals for the Tenth Circuit has stated,

> The Supreme Court established a two part test for section 1443 removal petitions in

> Johnson v. Mississippi, 421 U.S. 213 (1975): "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' "  A state court defendant's claim that "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" is insufficient for removal.  Second, it must appear "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.' "

State v. Lopez, 919 F.2d 131, 132 (10th Cir. 1990)(citations omitted).  As in State v. Lopez, Riordan "has made no claim that he is being denied a right arising under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  919 F.2d at 132 (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)).  See State v. Williams, 61 Fed. Appx. 645, 645-46 (10th Cir. 2003).  Riordan's allegations that the State criminal proceedings have deprived him of "the broad guarantees of the constitution," do not support removal under § 1443(1).  State v. Torres, 461 F.2d 342, 343 (10th Cir. 1972)(quoting Miller v. Wade, 420 F.2d 489, 490 (5th Cir. 1969)).  The Court will deny relief under § 1443(1).

Second, Riordan invokes § 1443(2), which allows removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."  28 U.S.C. § 1443(2).  "[T]he second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  State v. Williams, 61 Fed. Appx. at 645 (quoting City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966)).  Riordan makes no allegation that he is a federal officer or agent, or that he is authorized to act with or for such a person. The Court will deny Riordan's motion for removal and will remand to the State court the five criminal proceedings identified in the motion.

**IT IS ORDERED** that the Defendant's Motion For Removal Of Prosecution From State

Court To Federal District Court Pursuant To 28 U.S.C. § 1443(1)(2) is denied, the five criminal proceedings identified in the motion are remanded to the New Mexico Twelfth Judicial District Court, County of Lincoln, and this proceeding is dismissed.

                                                      _____
                                                      UNITED STATES DISTRICT JUDGE

*Parties:*

J. Tyrone Riordan
Carrizozo, New Mexico

       *Defendant Pro Se*